BLOCH v. LOWE.

(Supreme Court, Appellate Term. June 28, 1906.)

BROKERS—COMPENSATION—ACTIONS—EVIDENCE—QUESTIONS FOR JURY.

Evidence that defendant purchased land, and so was liable for services of plaintiff, to be paid for if defendant made the purchase, *held* sufficient to go to the jury, though the contract of purchase and the deed was taken in the name of defendant's wife.

Appeal from City Court of New York, Trial Term.

Action by Julius Bloch against William Lowe. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE. LEVENTRITT, and McCALL, JJ.

Isaac Cohen, for appellant.

Solon J. Liebeskind, for respondent.

LEVENTRITT, J. This action was brought to recover for services rendered in connection with the purchase of real estate. The defendant, desiring to buy certain lots, employed the plaintiff to ascertain the name of the owner, and to enter into negotiations to that end, agreeing to pay for those services in the event that he purchased the property. Upon the issues raised by the pleadings the parties went to trial. At the close of the testimony the complaint was dismissed for failure of proof. The reason assigned for this ruling was that the defendant had not purchased the property. The plaintiff's motion to have that question submitted to the jury was denied. The learned trial judge was led to this conclusion because the defendant's wife was named as purchaser in the contract for and the deed of the property. These instruments were treated as conclusive against the plaintiff's contention that the defendant was the purchaser. This was error.

The record discloses ample evidence in support of the plaintiff's contention that the defendant was really the purchaser. Not only did the latter admit in his pleading that he was desirous of acquiring the property, but he testified that he employed the plaintiff; that the plaintiff ascertained and informed him who the owner of the property was

that he made an offer through the plaintiff, who reported to him the result; that his wife was never mentioned in his dealings with the plaintiff; that he subsequently conducted the negotiations with the agents of the owner; that he paid the purchase price; that he signed the contract of 'purchase as attorney in fact for his wife. It also appears in evidence from other sources that his wife was not present at any time, not even when the title was closed, and that the defendant had admitted that he purchased the property. Is the effect of all those facts to be nullified merely because the contract was made and the deed taken in the name of the wife? Was not the plaintiff entitled to have those facts weighed by the jury as against the inferences to be drawn from the form of the instruments? It by no means follows that because the wife's name was inserted in the contract and deed that she, and not her husband, was the purchaser. On the contrary, the facts developed would justify the conclusion that he had bought in her name; that he had placed the title in her for purposes of his·own. If he did so, he cannot thereby deprive the plaintiff of his compensation. If he was in fact the purchaser, his liability follows, whatever name may have been inserted in the contract and deed. So, whether he is to be treated as the actual purchaser or as the agent of his wife, an undisclosed principal, the question of his liability was for the jury, and not for the court. Konner v. Anderson, 32 Misc. Rep. 511, 66 N. Y. Supp. 338.

The judgment will be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.